958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara A. MURPHY, Plaintiff-Appellant,
v.
Joseph HAMILTON; Fay Lassiter; Carr Mills; Marilyn
Gasswint, Defendants-Appellees.
Katrina O. McKAY; Priscilla Penne Waugh, Plaintiffs-Appellants,
v.
Joseph HAMILTON; Fay Lassiter, Defendants-Appellees.
Donna Patrice QUEEN, Plaintiff-Appellant,
v.
Joseph HAMILTON; Fay Lassiter; Danny Thompson, Defendants-Appellees.
 Nos. 92-6052, 92-6053, 92-6054.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 26, 1992.
Decided March 20, 1992.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. J. Rich Leonard, Magistrate Judge. (CA-91-310-CRT-BR; CA-91-595-CRT-BO; CA-91-641-CRT-BR)
 Barbara A. Murphy, Katrina O. McKay, Priscilla Penne Waugh, Donna Patrice Queen, appellants pro se.
 E.D.N.C.
 DISMISSED.
 Before DONALD RUSSELL, MURNAGHAN and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Barbara Murphy, Katrina McKay, Priscilla Penne Waugh, and Donna Patrice Queen, inmates in the North Carolina Institution for Women at Raleigh, North Carolina, appeal from orders granting each ninety days to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) (1988) before considering the merits of their civil rights complaints. Because the district court's orders are not appealable interlocutory orders or final orders, we dismiss their appeals for want of jurisdiction.
 
 
 2
 Appellants brought separate 42 U.S.C. § 1983 (1988) actions alleging that various prison conditions and actions by prison officials violated their constitutional rights. The district court granted each Appellant ninety days to exhaust administrative remedies. The Appellants then moved the court to reconsider its order. The court denied Appellants' motions, noting that the North Carolina Department of Correction's Inmate Grievance Procedure had been previously certified by the court under 42 U.S.C. § 1997e. On appeal, Appellants argue that the Grievance Procedure is not properly certified because there is no involvement of inmates in the procedure except as complainants.
 
 
 3
 These cases involve none of the circumstances from which interlocutory appeals are allowed as a matter of right, nor has the district court consented to an interlocutory appeal. See 28 U.S.C. § 1292 (1988). Thus, if the appeals are interlocutory, this court is without jurisdiction to consider them. See In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.1982), aff'd, 459 U.S. 1190 (1983).
 
 
 4
 The courts of appeal "have jurisdiction of appeals from all final decisions of the district courts," see 28 U.S.C. § 1291 (1988), and from a narrow class of "collateral orders" that would otherwise effectively destroy a party's rights and be practically unreviewable upon appeal from a final judgment. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375 (1981); United States v. MacDonald, 435 U.S. 850, 860 (1978); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). The district court's orders granting extensions of time to exhaust administrative remedies are not final orders because they do not "[end] the litigation on the merits and [leave] nothing for the court to do but execute the judgment." See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
 
 
 5
 In addition, the orders will not destroy any of the Appellants' rights, including their right to appellate review. The possibility that Appellants may have to undergo additional steps in their litigation as a result of the district court's order does not justify interference by the Court of Appeals. Cf. In re San Juan Star Co., 662 F.2d 108, 112 (1st Cir.1981) (potential burdens of litigation or relitigation cannot alone constitute the requisite harm). Consequently, the orders are not appealable under the collateral order doctrine.
 
 
 6
 Accordingly, we dismiss these cases for want of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.